**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES L. BROWN, SR.,

        Plaintiff-Appellant,

v.

SEDGWICK COUNTY SHERIFF'S
OFFICE, ARON KERN, Detective
#1714, MARK BENNETT, Sedgwick
County District Attorney's Office, and
CHRISTINA L. BARTON, Sedgwick
County District Attorney's Office,

        Defendants-Appellees.

No. 12-3324
(D.C. No. 5:12-CV-03122-SAC)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit
Judges.[**]

    James L. Brown, Sr., is a pretrial detainee in Sedgwick County jail in

Wichita, Kansas. He filed a claim *pro se* under 42 U.S.C. § 1983 in district court

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

against the Sedgwick County Sheriff's Office, one of its detectives, and two prosecutors in the Sedgwick County District Attorney's Office. Brown claims violations of his constitutional rights stemming from his allegedly unlawful arrest. In particular, he claims the arresting detective filed a untruthful affidavit supporting the arrest warrant. He also claims that he was held in unconstitutional conditions for two days while in jail. As remedies for these alleged violations, Brown seeks damages, his immediate release from jail, and the dismissal of all charges against him.

The district court, noting that Brown was a prisoner, screened the complaint pursuant to 28 U.S.C. § 1915A to determine whether it was frivolous, failed to state a claim, or demanded monetary relief from an immune defendant. The district court, construing Brown's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), found he had not stated a claim against any of the named defendants.

First, the district court noted that the remedy of release from jail lies only in a habeas corpus action after a prisoner has exhausted all state remedies. In addition, all the defendants were immune from suit for monetary damages: the Sedgwick County Sheriff's Office, as a subunit of county government, was not amenable to suit (only the county itself was); the two prosecutors were immune for any conduct they took in relation to prosecuting a criminal case; and the

-2-

detective who filled out the affidavit had qualified immunity to the extent the trial court concluded there was probable cause to hold Brown for trial.

The district court then ordered Brown to show cause why his complaint should not be dismissed. Brown responded, insisting that the prosecutors and the detective had conspired to violate his constitutional rights. The district court found Brown's response to its order inadequate and dismissed his complaint, noting that the disposition was "without prejudice to plaintiff's pursuit of habeas corpus relief." R., Vol. 1 at 111. Brown now appeals the district court's judgment.

The district court properly screened Brown's complaint under 28 U.S.C. § 1915A(a)–(b). After reviewing the district court's opinion, appellant's brief, and the record on appeal, we must conclude, for a number of reasons, the district court was correct in its resolution of Brown's § 1983 claim.

First, release from custody is not an available remedy in a § 1983 action. Second, prosecutors are absolutely immune from liability for their charging decisions. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *see also Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Third, Brown's claim for damages against the detective cannot proceed as he fails to allege with any specificity the false information the detective allegedly included in the affidavit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint cannot consist of "naked assertion[s]

devoid of further factual enhancement" (alteration in original) (citation omitted) (internal quotation marks omitted)).

Finally, Brown's claim against the Sedgwick County Sheriff's Office is directed against the wrong defendant, as the Board of County Commissioners of Sedgwick County is the appropriate defendant for claims against any of its subunits. *See Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985) (noting "line of Kansas cases which holds that subordinate government agencies do not have the capacity to sue or be sued in the absence of statute"); Kan. Stat. Ann. § 19-105 (2012). Even if Brown were permitted to amend his complaint to substitute the appropriate defendant, his claim would fail because he has not otherwise sufficiently pleaded that a municipal employee committed a constitutional violation, nor has he pleaded the existence of a municipal policy causally connected to that violation. *See Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (municipalities can be liable for the conduct of an employee if (1) that employee committed a constitutional violation, and (2) there was a direct causal link between a municipal policy or custom and the employee's commission of the constitutional violation).

Accordingly, we AFFIRM the district court's dismissal of Brown's claims.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-4-